ROY B. DALTON JR., United States District Judge
Plaintiffs move to admit the expert report of their consumer behavior expert Dr. David Stewart (Pls.' Ex. 99; Doc. 115-13 ("Stewart Report ")) due to Dr. Stewart's unavailability to testify at trial and the incompleteness of his deposition testimony. Recognizing that expert reports are inadmissible hearsay, see Johnston v. Borders , No. 6:15-cv-936-Orl-40DCI, 2018 WL 4215027, at *1 (M.D. Fla. Sept. 4, 2018), Plaintiffs seek to admit the Stewart Report under the residual hearsay exception, Federal Rule of Evidence 807, and in reliance on the U.S. District Court for the Central District of California's decision in Televisa, S.A. de C.V. v. Univision Communications, Inc. , 635 F. Supp. 2d 1106 (C.D. Cal. 2009). On review, the Court finds the Stewart Report is inadmissible hearsay.
Some background is necessary. Dr. Stewart was hired by Plaintiffs as a consumer behavior expert to analyze the effect of Defendants' advertisements on viewers who are or were timeshare owners. (See Doc. 115-13.) Dr. Stewart compiled a thirty-page report on his findings that he submitted on September 6, 2018. (Id. ) Dr. Stewart was then deposed in this case on October 1, 2018. (Doc. 191-1.) When deposed, he indicated that he was on sabbatical from September 1, 2018 to June 1, 2019. (Id. at 7:8-10.) Consistent with that testimony, he is unavailable to testify at trial because he is traveling out of the country. (See Doc. 172.) Long after Dr. Stewart's deposition, Plaintiffs sought to permit his testimony by telephone (see id. ), which the Court denied (Doc. 204). Plaintiffs now plan to introduce Dr. Stewart's deposition at trial and seek the admission of the Stewart Report to clarify and/or augment his testimony. But the Stewart Report is inadmissible.
To start, the Televisa case Plaintiffs rely on is readily distinguishable. In Televisa , following the submission of the expert's report and his deposition, a legal conflict of interest was uncovered that precluded the expert from testifying at trial. See 635 F. Supp. 2d at 1107. Given the expert's "unavailability"
*1145 to testify under those circumstances-circumstances wholly out of the control of either party-the court found that the expert's report was admissible under Rule 807. See id. at 1107-10. That is not the case here. Indeed, Plaintiffs' counsel knew of Dr. Stewart's potential unavailability at the time of his deposition in October 2018 (if not earlier) and chose to do nothing about it. Plaintiffs could have taken measures to ensure his availability at trial. Or Plaintiffs could have further deposed him on the findings and basis for those findings for use at trial. They did neither.
What's more, admitting the Stewart Report under these circumstances would set a dangerous precedent. Every retained expert prepares an expert report under Federal Rule of Civil Procedure 26. Virtually every retained expert is comprehensively deposed. And virtually every retained expert is technically "unavailable" under Federal Rule of Civil Procedure 32 as rarely are they located within 100 miles of the courthouse. Given that, admitting the Stewart Report here would mean that in virtually every case with a retained expert, a party could avoid the crucible of cross examination in the courtroom, before the jury in person, by introducing deposition testimony under Rule 32 and seeking admission of the Rule 26 report under the residual hearsay exception. The Federal Rules of Civil Procedure don't allow for this and instead exhort the importance of live testimony. See Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."). It's little wonder the Televisa court was unable to find any authority admitting an expert report under Rule 807. See 635 F. Supp. 2d at 1109.
There is no compelling reason to chart a new course here. Rule 807 provides a residual exception for hearsay statements not covered by any of the enumerated exceptions that have "equivalent circumstantial guarantees of trustworthiness." See Fed. R. Evid. 807(a)(1). It can rarely be said that a report prepared by a paid, retained expert witness for a party or its counsel bears "equivalent circumstantial guarantees of trustworthiness" to justify application of the residual hearsay exception. Plaintiffs have failed to establish that the Stewart Report is sufficiently reliable and trustworthy to permit it to come in under the residual exception. Admitting it under these circumstances would not best serve the purposes of the Federal Rules of Evidence or the interests of justice. See Fed. R. Evid. 807(a)(4). It is inadmissible hearsay.
Accordingly, it is ORDERED AND ADJUDGED Defendants' objection to the Stewart Report is SUSTAINED . The expert report of Dr. David Stewart is INADMISSIBLE.
DONE AND ORDERED in Chambers in Orlando, Florida, on May 2, 2019.